# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIDNEY EVANS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-2022** |
| **AUTO CLUB FAMILY INSURANCE COMPANY; ACFIC INSURANCE** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 18)** filed by the Defendant, Auto Club Family Insurance Company ("ACFIC") in compliance with this Court's Order (R. Doc. 17) granting ACFIC's Second Motion to Compel Discovery (R. Doc. 12). The motion is deemed unopposed, as the plaintiff's submission was not timely.[1]

ACFIC submitted a supplemental memorandum in support of his Motion for Attorneys Fees in response to the plaintiff's untimely opposition. ( R. Doc. 23) The plaintiff also submitted a supplemental opposition to the plaintiffs recently filed pleading pointing out that it was difficult for them to originally respond to the initial motion because of the plaintiff's failure to comply with the undersigned's order. (R. Doc. 25.) Considering the deficiency of the originally filed request, the Court finds that it is appropriate to consider the supplemental memorandum of the plaintiff. The motion was heard on November 25, 2009, without oral argument.

---

[1] The plaintiff's original opposition was submitted one day late on November 18, 2009, and he did not request leave of court for the submission of the untimely pleading. ( R. Doc. 19)

I. **Factual Summary**

The Plaintiff failed to timely respond to Interrogatories and Requests for Production of Documents propounded by ACFIC in compliance with Federal Rules of Civil Procedure ("Rules") 33 and 34. As a result, ACFIC filed a Motion to Compel Discovery (R. Doc. 12), which was granted by the undersigned on October 28, 2009. (R. Doc. 17.) The Court ordered the award of attorney's fees and costs in connection with the Plaintiff's failure to comply. ACFIC now seeks an award of $621.00 in attorneys fees and costs.

ACFIC filed a **Motion To Fix Attorney's Fees** (**R. Doc. 18**) and attached affidavits by lead Carol Gegg ("Gegg"), Brittany M. Love ("Love") and Barbora Favret ( "Favret"). Upon objection by the plaintiff that the motion should be denied for failing to comply with the undersigned's order, which required the submission of sufficient evidence, ACFIC supplemented its Motion and attached the contemporaneous billing statements for the legal services rendered. ( R. Doc. 23.) The plaintiff also filed a supplemental memorandum in opposition to the Motion to Fix Attorney's Fees. (R. Doc. 25.)

II. **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[2]. The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.** **Analysis**

    **A.** **Calculating a Reasonable Hourly Rate**

ACFIC's fee application seeks to recover fees for services rendered in connection with an earlier and subsequently filed Motion to Compel. In an affidavit, Carol Gegg indicates that she is a representative of ACFIC and confirms that it had retained the Law Firm of Chopin, Waggar, Richard, and Kutcher, LLP. She affirms that she paid a rate of $150.00 per hour for the work performed by Bradley J. Luminais and $135.00 for Brittany M. Love which she opines is reasonable for attorneys in the Metairie area. Gegg, however, fails to identify the nature of her employment with ACFIC or how she is aware that the rates charged by the Chopin firm are reasonable for attorneys in the Metairie area.

---

[2]The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.


ACFIC's counsel Brittany Love certifies that she has been a member in good standing in the Eastern District of Louisiana for one year. (R. Doc. 18-4, ¶ 3) Love attests that her hourly billing rate on this file is $135.00 per hour. ( R. Doc. 18-4, ¶ 8) She confirms that she filed a Motion to Compel Plaintiff to provide supplemental discovery responses which was granted by the court on October 28, 2009. (R.Doc. 18-4, ¶7)

Additionally, the affidavit of Barbora Favret certifies that she works in accounts receivable for Chopin Wager and that she is responsible for producing, sending and receiving bills and payments for the firm and indicates that $621.00 were incurred in connection with the Motion to Compel.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous.*

4

*Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

The Court finds that Ms.Love's rate of $135.00 is reasonable given her limited experience in practicing law. *See Creecy v. Metro. Prop. & Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience). *Strong v. BellSouth Communications*, 137 F.3d 844, 850 (5th Cir.1998)(where the Fifth Circuit has approved hourly rates of $175.00 for partners and $135.00 for associates in an antitrust suit litigated in the United States District Court for the Western District of Louisiana.); *Asprodites v. AAA Ins. Co.*, No. 07-6408, 2009 WL 86670, at *2 (E.D. La. Jan. 12, 2009) (where the a court awarded $135.00 for an attorney with one year of experience). Therefore, after reviewing the prevailing market rates for legal services in this area from the case law, the Court concludes that a rate of $135.00 is appropriate and reasonable for Love's work on the motion.

**B.     Determining the Reasonable Hours Expended**

ACFIC indicates that Love spent 4.6 hours in preparing the second motion to compel and the subject Motion. However, the Court, in calculating the hours billed, has determined that the

correct number of hours is 4.5 hours. The Court finds that the hours sought for the subject motion are reasonable.

The plaintiff opposes the amount of fees sought pointing out that ACFIC was only awarded fees for having to pursue the Motion to Compel and not the Motion to Fix Attorneys Fees. The plaintiff points out that undersigned did not request and nor did ACFIC seek fees in connection with its filing of the Motion to Fix the Attorneys Fees. Plaintiff points out that ACFIC only incurred $283.50 in fees associated with the Motion to Compel.

The court in considering the issue raised by the plaintiff acknowledges that the order that was issued compelling a response to written discovery only included a fee award in connection with the Motion to Compel. ACFIC also acknowledges that the award was associated with the Motion to Compel. Considering that ACFIC did not seek fees associated with the Motion to Fix Attorneys Fees and the Court's order is limited to the Motion to Compel, the Court finds that limited award for fees associated with pursuing the motion to compel is appropriate. Therefore, ACFIC is awarded a fee of $283.50 as a result of the efforts it went through in connection with the Motion to Compel.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here. Having considered each of the lodestar factors in this matter,

6

the Court finds that an adjustment upward is not warranted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that ACFIC's **Motion to Fix Attorney's Fees (R. Doc. 18)** is hereby **GRANTED**. The Court finds that a total fee of **$283.50** is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Sidney Evans, Jr. shall satisfy this obligation Auto Club Family Insurance Company no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 29th day of December 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**